UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**Joseph W.,**

        Plaintiff,

v.

**Comm'r of Soc. Sec.,**

        Defendant.

**DECISION and ORDER**

22-cv-360-MJP

---

## INTRODUCTION

**Pedersen, M.J.** Plaintiff Joseph W. ("Plaintiff") sues seeking remand of the final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for disability benefits. Before me are the parties' cross motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (ECF Nos. 5 & 13.) For the reasons that follow, I affirm the Commissioner's final decision, granting the Commissioner's motion for judgment on the pleadings and denying Plaintiff's motion for judgment on the pleadings.

## BACKGROUND

In July 2018, Plaintiff applied for disability benefits with the Social Security Administration ("SSA"). (T.[1] 301–06; T. 320–25.) Plaintiff alleged a disability onset date of January 15, 2017. (T. 301–06.) SSA denied Plaintiff's initial claim on October 26. 2018. (T. 143–49.) Plaintiff requested a hearing. (T. 151–54; T. 198–200.)

---

[1] "T." refers to the administrative record.

Administrative Law Judge ("ALJ") Arthur Patane held a hearing at Plaintiff's request on February 21, 2020. (T. 56–67.) The ALJ issued a decision finding that Plaintiff was not disabled on March 19, 2020. (T. 121–36.)

Plaintiff then asked the SSA Appeals Council to review the ALJ's denial on April 22, 2020. (T. 209–11; T. 424–25.) The Appeals Council remanded for further proceedings. (T. 137–42.) In July of 2021, Plaintiff participated in a second hearing before a different ALJ, Mary Mattimore. (T. 32–53.) The ALJ[2] again issued a decision finding Plaintiff not disabled on August 19, 2021. (T. 12–39.) The Appeals Council denied review. (T. 1–6.) Plaintiff thus has a final decision from the SSA. Having exhausted administrative remedies, Plaintiff brought this action. 42 U.S.C. § 405(g).

## APPLICABLE LAW

***Legal standard for District Court review.***

"In reviewing a final decision of the [Commissioner], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It

---

[2] References hereinafter to "the ALJ" refer to the second ALJ involved in Plaintiff's case.

is not my function to "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); see also *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not de novo and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

***Legal standard for the ALJ's underlying disability determination.***

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled. *Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational

3

requirement, *id.* § 404.1509, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* §§ 404.1520(e)–(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *Rosa v. Callahan,* 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### *The ALJ's decision denying benefits to Plaintiff.*

The ALJ analyzed Plaintiff's claim for benefits under the five-step process detailed above. The ALJ found that Plaintiff met the insured status requirement through March 31, 2019. (T. 17, 330.) At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (T. 17.) At step two, the ALJ found that Plaintiff has the following severe impairments: learning disorder; anxiety disorder; depressive disorder; and social phobia. (T. 17.) At step three,

the ALJ concluded that none of Plaintiff's impairments met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (T. 18.)

The ALJ concluded that Plaintiff had the following RFC: full range of work at all exertional levels, but with additional non-exertional limitations. (T. 19.) For Plaintiff's mental and non-exertional limitations, the ALJ added to the RFC that Plaintiff

> can perform simple, routine work and make simple workplace decisions consistent with SVP 1-2 jobs; cannot perform production rate pace jobs (assembly line); can tolerate occasional interaction with supervisors and coworkers but cannot perform tandem or team work; can have no interaction with the public; can tolerate minimal changes in workplace processes and settings; cannot perform work where he is interacting with customers such as a customer service representative or any other job waiting on customers as an essential function of the job.

(T. 19.) At step four, the ALJ found that Plaintiff had no relevant past work. (T. 22.) At step five, the ALJ found that Plaintiff could do other work that exists in the national economy in significant numbers, including unskilled jobs. (T. 23.) And so, the ALJ concluded that Plaintiff is not disabled. (T. 25.)

*I find that Plaintiff's arguments do not warrant remand.*

Plaintiff raises several arguments in appealing the Commissioner's decision. I address each in turn. Plaintiff's arguments do not show any legal error on the Commissioner's part.

### The ALJ did not err by creating a gap in the administrative record.

*First*, Plaintiff argues that remand is warranted because the ALJ assigned only limited weight to the medical opinions assessing Plaintiff's mental limitations. (Mem. of Law at 16, ECF No. 5-1 ("Rather, by applying only limited weight to each opinion, the ALJ created a gap in the record necessitating remand." (collecting cases)).)

5

Plaintiff urges remand since the ALJ cannot fill the gap he or she creates by not finding any medical opinion persuasive; to do so would amount to substitute the ALJ's lay judgment for that of a medical professional. (*Id*. at 17 ("In the context of mental health, the ALJ cannot render a 'common sense judgment' as to Plaintiff's functional capacity without a medical opinion, given the highly complex and individualized nature of mental health impairments." (collecting cases)).

In this case, the ALJ found the opinions of two medical providers at least partially persuasive but ultimately assessed an RFC with greater limitations than those providers had indicated.[3] This was not error. Relevant here, error is harmless if the medical evidence the ALJ declined to use in formulating the RFC is *less* favorable to Plaintiff. *See Grega v. Saul*, 816 F. App'x 580, 582 (2d Cir. 2020) (where ALJ failed to make proper record finding regarding medical opinions, remand was not warranted because those medical opinions were not "significantly more favorable to the claimant"); *see also Sottasante v. Colvin*, 209 F. Supp. 3d 578, 593–94 (W.D.N.Y. 2016) (finding remand was warranted where ALJ failed to consider evidence *favorable* to

---

[3] About these opinions, *i.e.* those of Dr. Ransom and a State agency reviewed, the ALJ stated:

> However, the State agency found no limitation in social interaction, which is inconsistent with the claimant's report to treatment providers and his testimony. The claimant's testimony that he has great difficulty interacting with strangers and in groups of people supports limitation in that area. Similarly, Dr. Ransom's opinion is partially persuasive…. The areas of limitation identified are consistent with the claimant's history, but, again, Dr. Ransom found no social limitation, despite the evidence showing that interpersonal interaction, particularly with the public, has resulted in job loss in the past…. Thus, the opinion is partially persuasive.

(T. 21–22.)

the plaintiff). I thus agree with the Commissioner's arguments on this point. (Mem. of Law at 10–13, ECF No. 13-1.) Plaintiff's argument fails. Any error the ALJ committed favored Plaintiff and is thus harmless.

**The ALJ did not err by considering a stale opinion.**

*Second*, I separately consider Plaintiff's arguments about staleness. In addressing the consultative examiner's opinion that the ALJ found partially persuasive, (T. 491–92), Plaintiff contends that the consultative examiner's opinion was stale because his mental conditions were consistently worse following the consultative exam.

Staleness is, frankly, a bit nebulous. Cases on staleness suggest that opinions rendered before some significant development in the plaintiff's medical history may not amount to substantial evidence. *See Biro v. Comm'r of Soc. Sec.*, 335 F. Supp. 3d 464, 469–70 (W.D.N.Y. 2018) ("[M]edical source opinions that are conclusory, stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ finding." (quoting *Camille v. Colvin*, 104 F.Supp.3d 329, 343 (W.D.N.Y. 2015))). The question is how significant the development or worsening needs to be.

Really, staleness should only arise in the rare case where substantial evidence hinges on a lone medical opinion that is of questionable salience based on later developments. In other words, given the highly deferential standard of substantial evidence, staleness should be the rare exception.

Here, staleness is part of Plaintiff's blunderbuss argument.[4] Plaintiff argues that the ALJ improperly relied on a stale consultative exam that did "not account for [his] deteriorating condition." *Id.* (alteration added and quotation omitted). Responding, the Commissioner asserts that Plaintiff's treatment records show improvement. (Mem. of Law at 16, ECF No. 13-1.)

I reject Plaintiff's argument. The administrative record does not show the kind of marked worsening Plaintiff would need to plead staleness. During visits before and after starting Plaintiff on medication, Dr. Oh noted improvement. (T. 475–87.) Other findings revealed a normal affect. (T. 475–87, 538–41, 575–76, 617, 624, 637, 645, 649, 651, 654, 769, 806.) At best, I can only conclude that Plaintiff's later findings were variable, with some indications he was anxious or depressed, but other indications suggesting improvement. (T. 476, 479, 540, 575–76, 617, 624, 637, 645, 649, 651, 654, 769, 806.) This is not a worsening of Plaintiff's condition. Indeed, Plaintiff's statements to his providers suggest some improvement, not worsening. (T. 475, 478, 480,

---

[4] On this note, I decline to consider Plaintiff's reply. It branches off into new arguments about mischaracterization of evidence and inadequate reasoning. To the extent it does not make new arguments, its analysis is unmeaningful as it contains nary a citation to the record. Unfortunately for Plaintiff, new arguments raised for the first time on reply need not be considered. *Blake v. Colvin,* No. 2:14-CV-52-JMC, 2015 WL 3454736, at *6 (D. Vt. May 29, 2015) ("Generally, arguments like this which are raised for the first time in a reply brief are deemed waived." (citing *Connecticut Bar Ass'n v. United States,* 620 F.3d 81, 91 n.13 (2d Cir.2010))).

538, 704, 762, 763.) On this record, I cannot locate the worsening of Plaintiff's condition necessary for a finding of staleness.

### *To the extent that Plaintiff intended to raise other arguments, I find them forfeited.*

In social security cases especially, there is an unfortunate habit of plaintiffs "assert[ing] all possible arguments … whether or not such arguments actually apply." *Wieneke v. Comm'r of Soc. Sec.*, No. 18-CV-00637, 2019 WL 5784938, at *4 (W.D.N.Y. Nov. 6, 2019) (alteration added). As a consequence, Plaintiffs often (and this is true in this case) fail to brief issues sufficiently. But it is black-letter law that "issues not sufficiently argued in [briefings] are considered waived."[5] *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) (alteration added) (quoting *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998)); *see also Wieneke*, 2019 WL 5784938, at *4; *Grega v. Berryhill*, No. 17-CV-6595P, 2019 WL 2610793, at *12 (W.D.N.Y. June 26, 2019) ("Grega's remaining contentions regarding the ALJ's evaluation of medical opinion evidence are conclusory and difficult to decipher."), *aff'd sub nom. Grega v. Saul*, 816 F. App'x 580. Where a party fails to raise an issue sufficiently, the court may "exercise" its "discretion to treat" such a "claim of error as waived." *Poupore*, 566 F.3d at 306 (collecting cases).

---

[5] I use the term forfeiture because I conclude it is the more appropriate term. *See Kontrick v. Ryan*, 540 U.S. 443, 458 n.13 (2004) ("Although jurists often use the words interchangeably, 'forfeiture is the failure to make the timely assertion of a right [while] waiver is the intentional relinquishment or abandonment of a known right.'" (alteration added) (quoting *United States v. Olano*, 507 U. S. 725, 733 (1993))). But I have provided this quotation as-is, including its use of the term "waiver."

I have considered Plaintiff's submissions and find that the arguments I discussed above are the only arguments Plaintiff has sufficiently briefed. To the extent Plaintiff argues that Plaintiff raised other arguments, I find them forfeited.

## CONCLUSION

For the foregoing reasons, I deny Plaintiff's motion for judgment on the pleadings, grant the Commissioner's motion for judgment the pleadings, and dismiss Plaintiff's complaint with prejudice.

**IT IS SO ORDERED.**

Dated: January 28, 2025
Rochester, NY

*/s/ Mark W. Pedersen*
MARK W. PEDERSEN
United States Magistrate Judge